Busó et al., Apelantes. *v.* Busó et al., Apelados.

Apelación procedente de la Corte de Distrito de Humacao.

No. 852.—Resuelto en enero 20, 1913.

Enajenación de Bienes de Menores—Expediente de Utilidad y Necesidad—Citación de Fiscal.—Según los artículos 80 y 82 de la Ley de Procedimientos Legales Especiales de marzo 9, 1905, enmendados en 1907, y vigente cuando se aprobó el expediente de utilidad y necesidad en este caso, no era necesario citar al Fiscal, a los menores apelantes, al menor emancipado, ni obtener su consentimiento.

Id.—Jueces—Revocación de Ordenes del Juez Anterior.—No habiéndose demostrado que el juez que aprobó el expediente de utilidad y necesidad fuera engañado ni que dejara de aplicar las leyes vigentes, ni cometiera error en la apreciación de los hechos, no había fundamento legal para que el juez que le sucedió en el cargo revocara la orden aprobatoria.

Id.—Defensor—Intereses Opuestos—Segundo Matrimonio del Padre.—Es válida una venta de bienes inmuebles de menores hecha por el padre mediante autorización judicial, sin que se haya nombrado defensor a dichos menores. El hecho de que el padre estuviera casado en segundas nupcias no crea intereses

opuestos, cuando la finca vendida es de la propiedad enclusiva de sus hijos menores.

Non Suit—Sentencia.—La sentencia de *non suit* (desestimación) dictada, está ajustada a derecho.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael López Landrón.*

Abogados de los apelados: *Sres. Alvarez Nava y Domínguez.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Este fué un pleito que se siguió en la Corte de Distrito de Humacao para que se declarara la nulidad de una escritura de enajenación otorgada por Francisco Busó Cabrera a nombre de sus menores hijos, Francisco Busó, Poncio Busó y Julio Busó Pérez a favor de Alejandro Laborde; la autorización judicial para el referido traspaso recaída en 1°. de mayo, 1909; la escritura de venta que fué otorgada de acuerdo con la expresada autorización el día tres de dicho mes; y también para que se declarara nula la escritura de traspaso otorgada por Alejandro Laborde a favor de Luis Recurt y Márquez el día 2 de mayo de 1910, y la venta que hizo el mencionado Recurt y su esposa en 15 de octubre, 1910, a favor de Antonio Caubet y Pons, todos los cuales fueron partes demandadas en unión de las esposas de Recurt y Caubet respectivamente. Los demandantes solicitaron, además, que se impusieran las costas a los demandados. Los demandados formularon dos excepciones previas específicas a la demanda presentada en este caso; la primera, por el fundamento de que existía un defecto de partes demandadas, y la segunda porque la demanda no aducía hechos suficientes para determinar una causa de acción. De estas excepciones la primera fué desestimada y la segunda declarada con lugar por resolución de la corte de fecha 20 de diciembre, 1910. Se concedió permiso a los demandantes para enmendar la demanda, lo que al efecto hicieron presentando su demanda enmendada

oportunamente, en la que se alegan en sustancia los hechos siguientes:

*Primero*. Que durante el mes de abril de 1909, los demandantes Francisco, Poncio y Julio Busó Pérez, eran condueños por terceras partes a título de herencia de su legítima madre Isabel Pérez Sánchez, de una finca que se describe enteramente y que fué debidamente inscrita en el registro de la propiedad.

*Segundo*. Que el demandado Francisco Busó y Cabrera y sus hijos, los demandantes en este pleito, tenían intereses encontrados en la finca descrita en la demanda.

*Tercero*. Que hacia el mes de abril de 1909, y con anterioridad a la fecha de la presentación de la demanda, el demandado Francisco Busó y Cabrera, como viudo de su primera esposa Isabel Pérez y Sánchez, madre legítima de los demandantes, había contraído segundo matrimonio con la Señora Carrasquillo con quien siguió viviendo en ese estado, poseyendo de su propia y exclusiva propiedad bienes inmuebles de consideración.

*Cuarto*. Que durante dicha época, abril de 1909, Francisco Busó y Pérez se encontraba emancipado de la patria potestad de su padre Francisco Busó y Cabrera y vivía separado e independientemente de él, teniendo su hogar en los Estados Unidos de América.

*Quinto*. Que durante ese mismo mes de abril 1909, los hermanos demandantes en este pleito, habían arribado a la pubertad, teniendo el mayor de ellos Francisco, 20 años de edad, y Poncio y Julio, 16 y 14 años respectivamente.

*Sexto*. Que durante ese mismo mes de abril de 1909, la finca descrita tenía un valor en venta no menor de $20,000.

*Séptimo*. Que el referido demandado Francisco Busó y Cabrera compareció personalmente en 1º. de mayo de 1909, ante el Hon. Charles E. Foote, Juez de Distrito, y le presentó una solicitud jurada suplicando que se le autorizara para vender la expresada finca o sea la propiedad de los demandantes en esta acción, por la suma de $6,000, a Ale-

jandro Laborda que había ofrecido dicha suma por la mencionada finca.

*Octavo*. Que dicho peticionario Francisco Busó y Cabrera, aduciendo hechos erróneos y atribuyéndose facultades legales por apreciaciones equivocadas en la expresada solicitud, sin que se nombrara un defensor para los menores, sin la firma, conformidad, consentimiento ni audiencia o consulta de los interesados menores, y sin consultar al Fiscal con respecto al asunto, requisito que es indispensable, y sin considerar debida y legalmente la necesidad y utilidad de la medida tomada, tramitó y obtuvo ilegalmente el expediente y la autorización que solicitó en 1º. de mayo de 1909.

*Noveno*. Que la Corte de Distrito de Humacao, presidida por el Hon. Charles E. Foote, dictó una resolución en 1º. de mayo de 1909, estimando erróneamente que los menores púberes, debida y legalmente representados por su padre Francisco Busó y Cabrera, habían solicitado la autorización judicial para vender la expresada finca; que la suma de $6,000 era el verdadero valor en venta de la descrita finca y que su venta o traspaso por dicha cantidad era necesario y conveniente, autorizándose al mencionado Laborde para comprarla por precio de $6,000, debiendo quedar dicho pago asegurado con hipoteca y produciendo interés del uno por ciento mensual pagadero por mensualidades vencidas y por el término de un año, de conformidad con la solicitud del padre.

*Décimo*. Que la notificación de la orden de la corte autorizando dicha enajenación no fué notificada a los menores interesados, ni al Fiscal, así como tampoco al emancipado Francisco Busó y Pérez, los cuales menores se mostraron inconformes con los referidos procedimientos y su resultado, por ser notoriamente perjudiciales a sus intereses legítimos y legales y por resultar en una violación manifiesta de los mismos.

*Undécimo*. Que estos vicios o defectos de subrepción y obrepción por errores de hecho y apreciaciones equivocadas, aparecían y aparecen en el registro de la propiedad para conocimiento de los subsiguientes adquirentes.

*Duodécimo.* Que por virtud de dicha autorización defectuosa e ilegal, Francisco Busó Cabrera el día 3 de mayo de 1909, individualmente vendió a Alejandro Laborde la expresada finca por la suma de $6,000, pagaderos dentro del término de un año y con intereses al tipo de uno por ciento mensual, cuya venta se llevó a cabo ante el Notario Salvador Fulladosa, que fué el abogado de que se valió para presentar su solicitud, sin la autorización, intervención, conformidad, consentimiento o conocimiento de las partes interesadas, que son los demandantes en este pleito.

*Décimo tercero.* Que por escritura otorgada en 2 de mayo de 1910 en Humacao por Alejandro Laborde a favor de Luis Recurt y Márquez, el primero vendió al segundo ante el Notario Salvador Fulladosa de Humacao por la suma de $6,000, la mitad indivisa de la finca descrita que había sido adquirida del demandado Busó Cabrera.

*Décimo cuarto.* Que por escritura otorgada en 15 de octubre de 1910 ante el Notario de San Juan, Damián Monserrat, Antonio Caubet y Pons, casado con Carmen González y Albert, residentes en dicha ciudad de San Juan, compró a Luis Recurt Márquez y a su esposa María Frías y Mandry la mitad indivisa de dicha finca rústica, compuesta de 108 cuerdas 25 centavos, por la suma de $40,000, de los cuales se dieron por recibidos por el vendedor $26,750 antes del otorgamiento de la escritura, quedando en poder del comprador $1,250 para pagar parte de cierto gravamen hipotecario, y los $12,000 restantes fueron aplazados al término de dos años.

*Décimo quinto.* Que por orden de la Corte de Distrito de Humacao de fecha 22 de octubre de 1910, el peticionario Francisco Busó y Pérez había sido nombrado defensor legal de sus hermanos Poncio y Julio Busó y Pérez para ejercitar esta acción de interés opuesto al de su legítimo padre Francisco Busó y Cabrera, demandado en dicho pleito.

De conformidad con lo anterior los demandantes suplicaron a la corte que dictara sentencia definitiva en este caso, declarando la nulidad del expediente promovido por Francisco

Busó y Cabrera a nombre de sus menores hijos Francisco Poncio, y Julio Busó y Pérez, así como también la autorización judicial recaída en 1º. de mayo de 1909, y también las escrituras de venta de fecha 3 de mayo de 1909, otorgada en Humacao por Francisco Busó y Cabrera a favor de Alejandro Laborde ante el Notario Salvador Fulladosa, otra fechada en 2 de mayo de 1910, otorgada en Humacao por Alejandro Laborde a favor de Luis Recurt y Márquez ante el mismo Notario Salvador Fulladosa, y una tercera escritura de fecha 15 de octubre de 1910, otorgada en San Juan por el referido Luis Recurt y Márquez y su esposa María Frías y Mandry a favor de Antonio Caubet y Pons y su esposa Carmen González y Albert ante el Notario Damián Monserrat, debiendo imponerse las costas a los demandados.

Los demandados formularon varias contestaciones a esta demanda a las que no es necesario hacer referencia con mayor particularidad. Celebrado el juicio se dictó sentencia a favor de los demandados, por el fundamento de que la prueba aducida por los demandantes no era suficiente para probar los hechos contenidos en su demanda; y no habiéndose demostrado que existiera fraude o engaño según alegaron los demandantes, al solicitar de la corte que dictara su orden autorizando la venta de la finca que pertenecía a los menores sin que tampoco se hubiera probado que existieran intereses opuestos entre Francisco Busó Cabrera y sus hijos, los demandantes; y no apareciendo claramente de la prueba presentada que el menor Francisco Busó Pérez viviera independientemente de su padre en los Estados Unidos; y habiéndose probado que el padre constantemente remitía a su hijo la parte que le correspondía en las rentas de la finca y que no tuvo conocimiento de su matrimonio hasta la fecha en que vió la certificación del mismo, apareciendo de los hechos que no se había probado que en la fecha en que se hizo el traspaso tuviera la finca un valor de $20,000, sino de $6,000, que fué la suma en que se vendió; y no constando que dichos menores se hubieran opuesto a la mencionada venta y que no habían estado

conformes con ella, sino que, por el contrario, resultando de la prueba que el demandante que compareció por sí y a nombre de los menores en esta demanda sabía que se había efectuado la venta, y aunque se hace mención de una carta que se dice fué enviada a Francisco Busó Cabrera, padre, por su hijo Francisco Busó Pérez, y se alega que en la referida carta este último mostraba su inconformidad en la transacción, esa carta jamás fué presentada como prueba. En vista de todos estos hechos la corte ordenó que la resolución dictada en 1°. de mayo de 1909 por el juez de distrito de aquel distrito, predecesor del actual juez, por virtud de la cual se autorizaba la venta de la finca de los menores, así como también las escrituras de enajenación otorgadas en 3 de mayo de 1909, por Francisco Busó Cabrera a favor de Alejandro Laborde, y la de 2 de mayo de 1910, otorgada por Alejandro Laborde a favor de Luis Recurt Márquez, y el traspaso hecho en 15 de octubre de 1910 por el expresado Recurt Márquez y su esposa, a favor de Antonio Caubet y Pons y su esposa quedaran en toda su fuerza y vigor, declarando con lugar la moción de desistimiento presentada por el demandado, e imponiendo las costas a los demandantes. Esta sentencia fué dictada por la referida corte el día 29 de abril de 1911, contra la cual se interpuso apelación a su debido tiempo para ante este tribunal.

Los abogados del apelante consignan en el alegato que han presentado a esta corte, trece señalamientos de errores, los que no es necesario que consideremos en todos sus detalles, puesto que se basan en la Ley de Enjuiciamiento Civil de España y en ciertos artículos de la Ley Hipotecaria que han sido derogados por nuestros estatutos sobre Procedimientos Legales Especiales y por el Código de Enjuiciamiento Civil. Pasemos entonces a considerar las cuestiones que propiamente se encuentran envueltas en este litigio.

*Primera.* La ley vigente en la fecha en que fué dictada la orden sobre el expediente de utilidad y necesidad en el cual se fundó este pleito es un procedimiento que está contenido

en los artículos 80 y 82 de la ley sobre Procedimientos Legales Especiales, aprobada por la Legislatura de Puerto Rico en 9 de marzo de 1905, y en las enmiendas que se hicieron a dicha ley en el año 1907, y no en las disposiciones citadas en el Código de Enjuiciamiento Civil de España y de la Ley Hipotecaria. (Véase el artículo 85 de la ley de Procedimientos Legales Especiales que deroga todas las leyes anteriores que estén en conflicto con la misma.) La ley vigente en la fecha en que se dictó la resolución apelada no exige los requisitos en cuyo incumplimiento se fundó la acción establecida por el demandante, o sea, la citación al Fiscal y a los menores apelantes, citación al menor emancipado, falta de su consentimiento, etc. Esto resulta claramente de una lectura que se haga de los estatutos y de un estudio del curso de la legislación aprobada en esta isla con referencia a las cuestiones que están comprendidas en esta transacción.

*Segunda.* Según resulta de las alegaciones y de las pruebas, el Juez Foote autorizó la venta de los bienes de los menores demandados en el ejercicio de las facultades que la ley le concedía, sin que aparezca que dicho juez fuera engañado ni dejara de reconocer como establecidos o de tomar en cuenta los hechos esenciales que exigía la ley entonces vigente, así como tampoco que incurriera en ningún error en cuanto a la apreciación de dichos hechos. Siendo esto así, es bien claro que su sucesor, el Juez López Acosta, no tuvo base alguna legal para decretar la nulidad de lo resuelto por su antecesor. Véase 22 Cyc. 566 y las notas que allí aparecen.

*Tercera.* No se demostró que existieran intereses opuestos entre Busó Cabrera, padre y Busó Pérez, hijos, con respecto a la finca objeto de este pleito que pertenecía a estos últimos, cuya venta fué decretada por la corte. Por consiguiente, no había necesidad alguna de que se nombrara un defensor para dichos menores. De la prueba aparece que la finca vendida pertenecía exclusivamente a los menores que son los demandantes en este pleito. El hecho de que el padre había contraído segundo matrimonio no estableció ninguna oposición

en cuanto a sus respectivos derechos. Aunque los menores tenían derecho a exigir que se constituyera una hipoteca en garantía de sus intereses en los bienes muebles, si existían algunos, sin embargo, con respecto a la propiedad real, solamente tenían derecho a que los bienes inmuebles fueran inscritos a su nombre, pues las rentas le pertenecían a su padre. Véanse los artículos 201 de la Ley Hipotecaria, 160, 162 del Código Civil Español, y 225 del Código Civil de Puerto Rico. Siendo ésta la ley, puesto que Busó padre no era coheredero de los demandantes ni condueño de sus menores hijos en el título de la finca vendida, no había necesidad de que se nombrara un defensor para dichos menores con el fin de solicitar la autorización judicial para hacer la venta.

*Cuarta.* La misma prueba de los demandados establece fuera de toda duda el hecho irrefutable de que el demandante Francisco Busó Pérez no fué nunca emancipado; y si lo fué, él ratificó de modo tácito, pero eficazmente lo ejecutado por su padre en relación con la venta. Véase el artículo 4, párrafo 2 del Código Civil de Puerto Rico. Y en cuanto a los otros demandantes, la ley no exige el cumplimiento de los requisitos que han sido alegados y especificados por ellos, por lo que es innecesario discutir esa cuestión más ampliamente.

*Quinta.* La moción solicitando sentencia de sobreseimiento es un procedimiento adecuado con arreglo a nuestro Código de Enjuiciamiento Civil y en el presente caso fué propiamente declarada con lugar. Véase el párrafo 5 del artículo 192 del Código de Enjuiciamiento Civil.

Por las razones expresadas en esta opinión, no encontramos que se haya cometido ningún error en la sentencia que dictó la corte inferior y debe confirmarse en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey....